IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

 vs.                                                       CIVIL NO. 01-128 JP/LFG
                                                         CRIM. NO. 99-1409 JP

JAMES WILLIAM HILL,

      Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Movant James William Hill ("Hill") attacks the sentence entered by the United States District Court for the District of New Mexico in <u>United States v. Hill</u>, No. CR 99-1409 JP. The government filed a Motion to Dismiss [Doc. 4], and Hill filed a Motion to Amend his initial pleading to add a claim of ineffective assistance of counsel [Doc. 5]. For the reasons given below, the Magistrate Judge finds the Motion to Dismiss is well taken and recommends that it be granted and that Hill's motion to amend be denied.

    2. Hill, along with co-defendant Margaret Hill, was charged in the superseding indictment with distribution of "5 grams and more of a mixture and substance containing Cocaine Base." Hill

---

[1] **Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

entered into a plea agreement with the government under Fed. R. Crim. P. 11(e)(1)(C), under which the parties agreed that a sentence of 84 months (7 years) was the appropriate disposition of the case, such sentence to be binding on the Court, if accepted, under the terms of the Rule. Following a sentencing hearing on July 31, 2000, Judge James A. Parker accepted the plea agreement and sentenced Hill to 84 months' imprisonment. Hill did not appeal.

3. Hill raises three arguments in his § 2255 motion. First, he asserts that the indictment was defective under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), for failure of the government to specify the quantity of drugs charged. Secondly, he argues that the government breached the plea agreement when it raised his prior convictions as a basis for enhancing his sentence. Finally, he contends that the government violated 21 U.S.C. § 851 when it failed to file a notice of intent to seek an enhanced sentence as a result of prior convictions. These contentions are addressed separately below.[2]

### Apprendi Issue

4. Hill argues that the Supreme Court's opinion in Apprendi, *supra*, invalidates his indictment because it does not charge him with distribution of a specific quantity of drugs. The superseding indictment was filed in CR 99-1409 JP on March 8, 2000. A plea hearing was held on May 9, 2000, and the plea agreement was signed by the parties and filed on the day of the plea hearing. Sentencing followed on July 31, 2000. Apprendi was decided on June 26, 2000, between the date of the plea hearing and the date of sentencing.

5. Hill argues that Apprendi should be applied retroactively to invalidate the plea agreement;

---

[2] The government argues that Hill cannot bring this collateral attack at all, because he explicitly waived his § 2255 rights in the plea agreement. The Court finds that, even if Hill had not waived his § 2255 rights, his claims are without merit and the case should be dismissed.

the government counters that <u>Apprendi</u> is not retroactive on collateral review. Neither the Supreme Court nor the Tenth Circuit has decided this issue, but the Court finds that it need not address the retroactivity issue, because the <u>Apprendi</u> principle would not be applicable in any event under the circumstances of this case.  *See*, <u>United States v. Hayden</u>, No. 00-3343, 2001 WL 280046, at *1 (10th Cir. Mar. 21, 2001).

      6. Hill was charged in the superseding indictment with distribution of "5 grams and more of a mixture and substance containing cocaine base." He argues in his § 2255 motion that this language is insufficiently specific under <u>Apprendi</u>, which holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The Tenth Circuit has applied <u>Apprendi</u> to 21 U.S.C. § 841(b)(1) and concluded that, under this section, the quantity of drugs is a fact that may indeed increase the penalty for a crime beyond the statutory maximum, and it therefore must be submitted to a jury and proved beyond a reasonable doubt. <u>United States v. Hishaw</u>, 235 F.3d 565, 575 (10th Cir. 2000). The circuit further holds that the drug quantity must be "alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt." <u>United States v. Jones</u>, 235 F.3d 1231, 1236 (10th Cir. 2000).

      7. Sentencing for distribution of cocaine base proceeds under federal drug laws as follows:

> The primary federal statute regarding possession and distribution of a controlled substance is 21 U.S.C. § 841. Section 841 is divided into two subsections: subsection (a), which makes it illegal to manufacture or distribute controlled substances or to possess them with the intent to manufacture or distribute, and subsection (b), which establishes three tiers of penalties distinguished by the amount of drugs involved in an offense. For cocaine base, dealing in any measurable amount of the drug is covered by 21 U.S.C. § 841(b)(1)(C), which carries a sentence of "not more than twenty years" in prison and three years'

> supervised release for each violation. In contrast, amounts in excess of five grams are covered by section 841(b)(1)(B)(iii), which establishes sentences of five to forty years, and amounts over fifty grams appear in section 841(b)(1)(A)(iii), which carries the longest sentence of ten years to life in prison.

United States v. Wilson, – F.3d – , 2001 WL 303650, at *6 (10th Cir. 2001).

8. Hill was sentenced to 84 months, or 7 years. He does not dispute that he possessed and distributed at least 19 grams of cocaine base. The statutory maximum sentence for this offense is 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). It is only when drug quantity is used to enhance a sentence beyond the statutory maximum that is must be charged with specificity in the indictment. Apprendi, 120 S. Ct. at 2355; Jones, at 1236. Hill's sentence was well within the statutory maximum for distribution of cocaine base in an amount greater than 5 grams; there was, therefore, no Apprendi violation.

9. Even if the indictment were seen as insufficiently specific in that it charges distribution of "5 grams and more" of a substance containing cocaine base, rather than charging an exact amount (an issue the Court need not decide), and even if Hill had no prior convictions (which in fact he had), Hill's sentence would be invalid under Apprendi only if it exceeded 20 years, the statutory maximum sentence for distribution of an unspecified quantity of cocaine base by a person with no prior convictions. Jones, at 1236 ("A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt"); Hishaw, at 576 ("failure to allege the specific drug amount in the indictment is not fatal . . . but instead merely limits punishment to the lowest statutory range provided by the statute," that is, no more than 20 years under § 841(b)(1)(C).

10. Hill also argues that the indictment is insufficiently specific under Apprendi in that it fails to identify which portion of the cocaine base was "mixture" and which was "substance." It appears that he is actually arguing that the indictment must set forth net weight of the controlled substance, rather than gross weight. However, the net weight in this case was 19.1 grams, an amount which Hill does not dispute, and that falls within the indictment's description of "5 or more grams." The Presentence Report states (at p. 6) that, "The substance obtained from the defendant was forwarded to the Drug Enforcement Admininstration laboratory for analysis. The results indicate that the substance was cocaine base with a gross weight of 73.3 grams and a net weight of 19.1 grams . . . The instant offense involved 19.1 grams of cocaine base" (emphasis in original).[3]

11. To summarize, any failure by the government to specifically state the drug quantity in the indictment did not implicate Apprendi, because Hill's sentence did not exceed the statutory maximum, even for the offense of distribution of an unspecified amount of cocaine base.

### **Use of Prior Convictions as Breach of Plea Agreement**

12. Hill argues next that the government breached the plea agreement when it raised his prior convictions as a basis for enhancing his sentence. He states that he reasonably understood that, in exchange for entering his guilty plea, the government agreed not to use his prior convictions in the sentencing process.

---

[3] In any case, the statute provides for a sentence of from 5 to 40 years for distribution of "5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base." 21 U.S.C. § 841(b)(1)(B)(iii). This section has been interpreted to mean that so long as the substance or mixture contains a detectable amount of a controlled substance, its entire weight was properly included in the calculation of the defendant's sentence, Chapman v. United States, 500 U.S. 453, 111 S. Ct. 1919 (1991); United States v. Callihan, 915 F.2d 1462 (10th Cir. 1990); United States v. Richards, 87 F.3d 1152 (10th Cir. 1996); USSG § 2D1.1, Note A to Drug Quantity Table, with the exception that materials that must be removed from a controlled substance in order to render it usable are excluded from the weight calculation, for purposes of setting a base offense level under the Sentencing Guidelines. USSG, Amendment 484 and § 2D1.1, Application Note 1.

13. However, there is nothing in the plea agreement, or anywhere else in the record, to indicate that the government agreed that it would exclude Hill's prior record as a factor in sentencing. The plea agreement recites that in exchange for Hill's plea of guilty, "the United States agrees that: (a) The United States will move at the time of acceptance of the plea to dismiss co-defendant, Margaret Hill. (b) The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico. (c) This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies of prosecuting authorities." [Doc. 4, Ex. 1 at 3-4]. There is no mention in this section, or anywhere else in the plea agreement, of use of Hill's prior record. Furthermore, the government expressly reserved the right to make known to the United States Probation Office, for inclusion in the presentence report, "any information that the United States believes may be helpful to the Court" [Doc. 4, Ex. 1 at 3], and no exclusion is made for prior convictions.

14. In addition, Hill acknowledged in the plea agreement that he understood that the minimum and maximum penalties the Court could impose include imprisonment for a period of not less than 5 nor more than 40 years [Doc. 4, Ex. 1 at 2]. His sentence fell within that range.

15. The record refutes Hill's contention that the government promised him it would not use his prior convictions at sentencing. Rule 11(e)(1)(C), under which this plea agreement was negotiated, provides for an agreement "that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case." There is nothing in this plea agreement to indicate that the parties intended to exclude prior convictions as a sentencing factor, and therefore the use of Hill's prior record in sentencing did not constitute a "breach" of the

6

agreement. Hill's prior record was unquestionably taken into account in negotiating this agreement [*see* April 17, 2000 letter from Hill's attorney to the government attorney, attached as an exhibit to Hill's § 2255 motion], as it properly should have been. Once the Court accepted the plea agreement, it was not subject to modification, Fed. R. Crim. P. 11(e)(1)(C), and "[f]or the same reason, a defendant's assumption that relief other than that specified in the agreement might be available is unreasonable." United States v. Veri, 108 F.3d 1311, 1315 (10th Cir. 1997). The Court rejects Hill's argument that the plea agreement was breached.

### **Failure to Give Notice of Intent to Use Prior Convictions**

16. Hill contends that the government violated 21 U.S.C. § 851 when it failed to file a notice of intent to seek an enhanced sentence as a result of prior convictions. The government argues that section 851 is not applicable when a defendant enters a plea under Rule 11(e)(1)(C). This argument is well taken. Any neglect in following the procedure set forth in 21 U.S.C. § 851 is "an antecedent, nonjurisdictional defect that was waived by the entry of . . . [a] valid guilty plea." Riselay v. United States, 103 F.3d 130 (Table, text in Westlaw), No. 96-1310, 1996 WL 694145, at *2 (6th Cir. Dec. 3, 1996).

### **Ineffective Assistance of Counsel**

17. Although he didn't raise the issue in his initial pleading in this case, Hill filed a motion to amend his § 2255 motion to add a claim of ineffective assistance of counsel [Doc.5]. The motion to amend is moot, as the Court finds that the claim of ineffective assistance is without merit and recommends that it be dismissed.

18. Hill contends that his trial attorney erred in "failing to recognize the discrepancy in the drug quantity at the time of the plea negotiations and prior to sentencing," in that it was presumed

during negotiations that the drug quantity was 26 grams of cocaine base whereas the actual amount, as found in the lab report, was 19.1 grams. He argues that the base offense level for 26 grams of cocaine base is 28, whereas the base offense level for 19.1 is something less than this, and the 84 month sentence is therefore "outside the guideline range for the true weight involved in this case."

19. Hill is correct that 26 grams falls within the range of "at least 20 G but less than 35 G of cocaine base" which results in a base offense level of 28, and that 19.1 grams falls within the range of "at least 5 G but less than 20 G of cocaine base" which results in a base offense level of 26. USSG § 2D1.1 (Drug Quantity Table). The Court finds, however, that Hill's attorney was not constitutionally ineffective.

20. To establish ineffective assistance of counsel in violation of the Sixth Amendment, Hill must make a two-prong showing: (1) that counsel's performance was constitutionally defective; and (2) that the deficient performance prejudiced the defense, in that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *accord*, Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996). To prove deficient performance, Hill must overcome the presumption that counsel's conduct was constitutionally effective. Duvall v. Reynolds, 139 F.3d 768, 776 (10th Cir. 1998). Scrutiny of counsel's performance must be "highly deferential" and must avoid the distorting effects of hindsight. Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995). In order to be found constitutionally ineffective, trial counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy. Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997). Counsel's performance in this case was not "completely unreasonable" and, even

if it had been, Hill has not established a reasonable probability that but for counsel's unprofessional errors, he would have received a lower sentence.

21. Hill attached to his § 2255 motion portions of a letter which was, apparently, written by his attorney and sent to the Assistant U.S. Attorney prosecuting his case. In this letter, counsel proposed a plea agreement under Rule 11(e)(1)(C), under which the parties would agree upon 84 months as an appropriate sentence. In support of this proposal, Hill's attorney set forth a number of mitigating factors and gave reasons why his client should not be labeled a career offender, even though "Mr. Hill technically may qualify as a career offender pursuant to § 4B1.1 USSG based on his two prior drug sale convictions." Counsel went on:

> While we have not yet received a laboratory report in this case, it appears that this case involves approximately one ounce (26 grams) of cocaine base. This would establish a base offense level of 28. Assuming a three level reduction for acceptance of responsibility and a two level reduction for a minor role, this would establish an adjusted base offense level of 23. I anticipate that without the career offender enhancement, Mr. Hill would be in approximately criminal history category IV. The proposed sentence of 84 months would be toward the high end of this range . . . The potential career offender sentence of 15 to 20 years is grossly disproportionate to the seriousness of the offense.

22. The Presentence Report used the 19.1 net weight to set a base offense level of 26, and made adjustments for acceptance of responsibility and assisting authorities, resulting in a total offense level of 23. Hill's criminal history resulted in 12 points, putting him in the criminal history category of VI. The Report classified him as a career offender. The Presentence Report further found that this combination resulted in a guideline imprisonment range of 188 to 235, although it noted that government had agreed to a sentence of 84 months imprisonment pursuant to Rule 11(e)(1)(C). Under the heading "Impact of Plea Agreement," the Report noted that Hill could have faced a

sentence in the range of 262 to 327 months if he had gone to trial and been convicted. In his final judgment, Judge Parker adopted the factual findings and guideline application in the Presentence Report and noted that Hill's potential imprisonment range was 188 to 235 months. [Doc. 93 in CR 99-1409 JP, at 5]. He accepted the plea agreement under Rule 11(e)(1)(C), however, and imposed the agreed-upon 84-month sentence.

23. It is apparent that Hill received a substantial benefit from the plea agreement negotiated by his attorney, regardless whether the negotiations started with a base offense level of 26 or 28. In addition to receiving a much shorter sentence than that to which he was potentially exposed, Hill received other benefits, including dismissal of charges against Hill's wife, a co-defendant in the case, and the government's agreement not to bring additional charges arising out of any conduct by Hill then known to the prosecutor.

24. Hill argues that, by the time of sentencing, his attorney was aware that the net weight of the cocaine base which Hill sold to the undercover agent was 19.1, not 26, and that a lower base offense level was therefore applicable. If this information made the preceding plea negotiations inapplicable to the changed circumstances or otherwise unfair to Hill, and if counsel failed to apprise Hill of this fact, this would render Hill's plea involuntary, as ineffective assistance of counsel can render a guilty plea involuntary. Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366 (1985); United States v. Williams, 919 F.2d 1451, 1456 (10th Cir. 1990).

25. In his initial pleading, Hill stated that he was not seeking to void his plea agreement, only to vacate the sentence and remand the case for resentencing. However, in his motion to amend, he argued that his ineffective assistance of counsel claim "relates to the intelligence or voluntariness of the plea . . .." [Doc. 5 at 1]. If the Court were to accept Hill's ineffective assistance argument and

find that his plea was therefore involuntary, the appropriate post-conviction remedy would not be resentencing but rather withdrawal of the plea altogether. Gill v. Turner, 443 F.2d 1064, 1066 (10th Cir. 1971). A court's determination that a plea of guilty is involuntary is not an adjudication of the defendant's guilt or innocence and does not constitute a bar to further proceedings based on the original indictment. Wynn v. Page, 390 F.2d 545, 546 (10th Cir. 1968). Upon withdrawal of a guilty plea, the government has the option of trying a petitioner on all original charges, including any that were dropped in connection with the plea agreement and, if convicted, the defendant could be sentenced to a longer term than he received under the voided plea agreement. Such a remedy is not always to the defendant's advantage.

> [I]t should be pointed out to Mr. Shupe and the many others who are filing petitions for a writ of habeas corpus in this court, that it is possible that some may be doing themselves more harm than good.

Shupe v. Sigler, 230 F. Supp. 601, 606-07 (D. Neb. 1964).

26. In any event, the Court's proposed finding is that Hill's attorney negotiated an advantageous plea for him under all the circumstances and did not perform deficiently. Hill has thus failed to establish the first prong of the Strickland test; he has no valid claim for ineffective assistance of counsel, and his motion to amend to include such a claim is therefore moot.

**Recommended Disposition**

That Hill's motion under § 2255 [Doc. 1] be denied, that his Motion to Amend [Doc. 5] be denied, and that the case be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge